UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DONNIE GLYENN | CASE NO.  2:20-CV-00054 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| USA | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court Is a "Motion for Partial Summary Judgment" (Doc. 21) wherein Defendant, the United States of America, moves for an Order to preclude Plaintiff Donnie Glyenn, from recovering the first $15,000 of bodily injury and the first $25,000 of property damage he may be awarded as directed by Louisiana Revised Statute 32:866(A), due to the failure to comply with the motor vehicle liability insurance requirements set forth in Louisiana Revised Statute 32:900(B). Plaintiff has not filed an opposition and the time for doing so has lapsed.

### STATEMENT OF FACTS

On September 27, 2018, Plaintiff was involved in a vehicular collision with a United States Postal Service vehicle. Plaintiff has sued the USA seeking to recover both bodily injury and property damage. The USA has asserted an affirmative defense pursuant to Louisiana Revised Statute 32:866 which provides a "no pay, no play" provision. At the time of the accident, Plaintiff failed to maintain compulsory motor vehicle liability insurance on the vehicle he was operating.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Louisiana law requires that the owner or operator of a motor vehicle possess liability insurance with minimum limits set forth in Louisiana Revised Statute 32:900. Section B of the Statute provides that the owner or the operator of a vehicle is responsible for having a liability insurance policy for the vehicle with the following limits: $15,000 for bodily injury for one person in any one accident; $30,000 for bodily injury for two or more persons in any one accident; and $25,000 for property damages in any one accident.

Louisiana Revised Statute 32:866(A) states that failure of the owner or operator of the motor vehicle to comply with Louisiana Revised Statute 32:900(B) will forfeit the first $15,000 of recovery for bodily injury, and the first $25,000 of recovery for property damage. In other words, a plaintiff bringing a cause of action is barred from recovering the first $15,000 of bodily injury or death-related damages and the first $25,000 of property damages if he/she has failed to procure liability insurance in compliance with Louisiana Revised Statute 32:900.

The Defendant has submitted summary judgment evidence—a policy of insurance—in which the "Go Auto Declaration Sheet"[1] expressly excludes Plaintiff, Donnie Glyenn, from coverage under the policy. As stated herein above, Plaintiff has not opposed Defendant's motion.

---

[1] Defendant's exhibit A.

## CONCLUSION

Because this motion is unopposed and there is no genuine issue of material fact for trial, the Court will grant Defendant's Motion for Partial Summary Judgment and order that the Plaintiff is precluded from recovering the first $15,000 for bodily injury, and $25,000 for property damage, if any such award is made in this lawsuit.

**THUS DONE AND SIGNED** in Chambers on this 18th day of January, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**